Mr. Justice Day
delivered the opinion of the Court.
Plaintiff in error, to whom we will refer as plaintiff, was employed as a teacher by School District No. 8, El Paso County, hereinafter denominated the district. He brought suit against the district to have the court decree an attempted termination of his employment to be a nullity. In addition, he sought a judgment for back pay and an order restoring to him all rights under pertinent statutes, namely, C.R.S. 1963, 123-18-3 and 123-18-8.
Plaintiff had been a teacher in the district under three successive one year contracts beginning on September 1, 1960 with an expiration date of May 29, 1963 in the third contract.
The provisions of section 8, supra, are as follows:
“Automatic re-employment. — Any teacher in the public schools employed on a fulltime basis but not under continuous tenure shall be deemed re-employed for the succeeding year at the same salary unless the employing board of education shall cause notice in writing to be given said teacher on or before the 15th day of April of the term of school in which the teacher is employed, and such teacher shall be presumed to have accepted such employment unless he shall notify the employing board of education in writing to the contrary on or before said 15th day of April.”
*129 Thus plaintiff’s employment as a teacher for the school year commencing in September, 1963, would be automatically renewed unless he was given written notice of termination of his contract on or before April 15th.
The district having determined not to renew plaintiff’s contract for a fourth year, sent notice of termination by registered mail to the plaintiff on April 11, 1963. The letter, however, was addressed to plaintiff’s former address. On April 13, 1963 the letter was rerouted by the post office to the correct address, but on that date plaintiff was not at home so that the regularly printed post office notice was left at the plaintiff’s home, notifying the addressee to call at the post office to “pick up” the registered mail. Plaintiff testified that he did not receive this notice, but admitted in his stipulation of facts that he did get a final notice on April 18, 1963. On April 23rd he went to the post office to pick up the letter. The envelope was stamped in the Fountain, Colorado, post office on April 11 at 5 P.M. The notifications of both April 13th and April 18th were also recorded thereon as well as the date the letter was taken from the post office.
On the sole question presented to the trial court as to whether the plaintiff had been given notice before the deadline of April 15, 1983 as provided by the statute, the trial court found:
“* * * n0^ce must be in writing, the method of getting the written notice to the teacher is not set out. The legislature did not intend any particular method, as none is stated in the statute. The notice couid be personally handed to the teacher, mailed to him by ordinary mail, or sent by registered mail. The fact that the p aintiff by reason of his own absence failed to receive the letter before April 15 cannot defeat the giving of the notice. Any other interpretation would put a premium on avoiding receipt of notice and would result in chaos rather than orderly planning on the part of both teacher and school board.”
*130 The judgment of. dismissal of plaintiff’s claim was accordingly entered.
We agree with the findings and judgment of the trial court. In so doing we distinguish between situations wherein notice must be served or received and those in which notice is to be given as in the instant case. While there are few cases applicable to the narrow area in which we are now dealing, we subscribe to the rationale contained in Robel v. Highline Public Schools, 65 Wash. 2d 477, 398 P.2d 1, in which the court cited Ford v. Genereux, 104 Colo. 17, 87 P.2d 749. In Robel the Washington Supreme Court modified the holding of the Colorado court that notice is effective when the letter is properly addressed, registered and mailed, and extended the rule to provide that effective notice starts after reasonable time for transmission and receipt of the notice has elapsed. The court therein pointed out that the time recognized for transmission of a registered letter varies under the particular circumstances of a case, but that a person cannot benefit from noncompliance which he himself has occasioned. R. H. Sterns Co. v. United States, 291 U.S. 54, 54 S.Ct. 325, 78 L.Ed. 647.
Whether we follow the rule in the Ford case, supra, or the modification by the Washington Supreme Court in Robel, supra, the result herein would be the same. In the case at bar the district gave notice as required by law, using a method universally accepted by the general public and prescribed by statute in many states for the conveying of important documents and the giving of statutory notices. Although the means of giving notice is not set out in the statute, if the district uses a method recognized as an acceptable one in the law, then the cases setting out the test to be applied to the particular method employed are persuasive. Using the test in the Ford case, April 11th, the date of registering and mailing, would be the effective date. Under the rationale in the Robel case, April 13th is the effective date. The attempt *131 to deliver the registered letter was made on April 13th. Had plaintiff not been away from his home he would have received the letter on that date. Furthermore, on that date a notice that the letter was in the post office awaiting to be claimed by him was left at his home. He did not actually pick up the registered letter which reposed in the post office until April 23rd — five days after admittedly receiving the “final notice.” It would, therefore, not be logical to use the date he actually went for the letter as the crucial one. The delay in delivery was through no fault of the district.
The judgment is affirmed.
Mr. Justice Sutton dissents.